IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRY SNOWDEN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-1807-M |
| | § | |
| JUDGE STEPHEN HALSEY, ET AL. | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* prisoner civil rights action brought by Terry Snowden, an inmate in the TDCJ-ID, against two state district judges, a prosecutor, and various private attorneys who participated in his criminal trial and post-conviction proceedings. On October 2, 2006, plaintiff tendered a complaint to the district clerk and filed an application for leave to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. A *Spears*[1] questionnaire then was sent to plaintiff in order to

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

obtain additional information about the factual basis of this suit. Plaintiff answered the questionnaire on October 23, 2006. The court now determines that this action should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

In 2004, plaintiff entered an open plea of guilty to the second-degree felony offense of forgery, enhanced by two prior convictions. Punishment was assessed by the trial court at four years confinement. Although the written plea documents do not contain any agreement as to sentencing or placement, plaintiff contends that he was promised a two-year sentence and assignment to a drug treatment center instead of a prison facility.[2] By this suit, plaintiff accuses the trial judge, Stephen Halsey, and his court-appointed lawyer, David Sprinkle, of failing to ensure that the state complied with the terms of the plea agreement. Plaintiff further alleges that Robert Francis, the judge who presided over his state writ of habeas corpus, Leslie McFarlane, an attorney appointed by the judge to assist in developing the record, and Jaclyn O'Conner, an Assistant District Attorney, failed to discharge their duties and committed various acts of misconduct. As relief, plaintiff seeks $50,000 in damages, a judgment voiding his conviction, and immediate release from custody.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (1)    is frivolous or malicious;

    (2)    fails to state a claim upon which relief can be granted; or

---

[2] The plea agreement does indicate that plaintiff has "special needs--mental illness/drug treatment w/ ABC psych behavior." However, there is no representation that plaintiff would be sent to a drug treatment facility instead of prison.

>   (3)   seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  An action is frivolous if it lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991).  A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).  The court must assume that the facts set forth in the complaint are true.  *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993).  However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability."  *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

Plaintiff cannot maintain a federal civil rights action for at least two reasons.  First, it does not appear that any state court or federal habeas court has ever determined that the terms of plaintiff's confinement are invalid.  Plaintiff is therefore precluded from suing for money damages or declaratory relief under 42 U.S.C. § 1983.  *See Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994); *Celestine v. 27th Judicial District Court*, 70 Fed.Appx. 232, 2003 WL 21729414 at *1 (5th Cir. Jul. 25, 2003), *cert denied,* 124 S.Ct. 1465 (2004) (*Heck* bars declaratory judgment action challenging validity of state criminal conviction).  Second, judges and prosecutors are immune from suit for actions taken within the scope of their jurisdiction.  *See Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331 (1978) (judges); *Imbler v.*

*Pachtman*, 424 U.S. 409, 427, 96 S.Ct. 984, 993, 47 L.Ed.2d 128 (1976) (prosecutors). Because Halsey, Francis, and O'Conner were acting within the scope of their authority at all times relevant to the claims made the basis of this suit, each is entitled to absolute immunity.

Nor can plaintiff sue Sprinkle or McFarlane under 42 U.S.C. § 1983. As private attorneys, these defendants do not act "under color of state law." *See Featherson v. Knize*, No. 3-06-CV-0729-K, 2006 WL 2215950 at *3 (N.D. Tex. Aug. 2, 2006), *citing Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"). For these reasons, plaintiff has failed to state a cognizable claim against any defendant.[3]

## **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[3] To the extent plaintiff seeks a judgment voiding his conviction and immediate release from custody, his complaint must be construed as an application for writ of habeas corpus under 28 U.S.C. § 2254. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983); *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir. 1979). However, plaintiff has already filed a federal writ challenging his forgery conviction. That case is currently pending before another magistrate judge in this district. *Snowden v. Quarterman*, No. 3-06-CV-1372-M.

DATED: October 30, 2006.

                                                JEFF KAPLAN
                                                UNITED STATES MAGISTRATE JUDGE